*963 OPINION.
Smith :
The first question for the consideration of the Board in this proceeding is the proper allowance for each of the taxable years ended January 31,1933, and January 31,1934, for the unamortized March 1, 1913, value of the Rothwell and Weitz leases. Both parties are in agreement that the March 1, 1913, value was $60,000 and that up to *964 the beginning of the first taxable year a certain portion of that cost had been or should have been recovered through amortization allowances. The petitioner contends that such unamortized value should be spread over the period ending March 31, 1940, as determined by the Board in its opinion published at 10 B. T. A. 297, while the respondent contends that the spread should be made over the period ending March 31,1953.
In our opinion at 10 B. T. A. 297, we said:
The leases existing on March 1, 1913, expired on March 31, 1925, but in June, 1914, these leases were merged into a longer term expiring March 31, 1940. We are, therefore, of the opinion that the petitioner is entitled to an exhaustion deduction for the period here under review which should be computed upon the basis that from March 1, 1913, to March 31, 1914, a deduction had been allowed on the basis of a period of 12 years and one month, and that thereafter and during the period here under review the deduction should be based upon the unexhausted value on April 1, 1914, prorated over the years and periods ending March 31, 1940. * * *
The petitioner argues that, since in our prior opinion we determined that for 1918 the unamortized value on April 1, 1914, should be prorated over the period ending March 31, 1940, the rule should apply equally in the determination of the amortization allowance for each of the tax years 1933 and 1934. It argues that the question of the rate of the exhaustion of these leaseholds is res adjudicaba. It is to be noted, however, that both the Bothwell and the Weitz leases have been renewed or extended since the taxable year which the Board had under consideration in the prior proceeding. The facts in the instant case, therefore, being different from those previously considered by the Board for the prior taxable year, the determination in that proceeding is not binding in this one.
The petitioner further argues that it will have no net income for the fiscal years ending after March 31, 1940, since after that date all of the rental income received by the petitioner from S. Davidson & Bros., Inc., will be paid over to the lessors. The stipulated facts do not show, however, that the petitioner will have no net income from the rentals after March 31, 1940. They do not show what portion of the rentals received will belong to the Frankel interests. Neither is it made clear that all of the amounts not paid to the Frankel interests will be paid to the lessors of the Bothwell and Weitz tracts.
In Cleveland Railway Co., 36 B. T. A. 208, the question before the Board was whether the March 1, 1913, value of certain franchises enjoyed by that company should be exhausted over the term of the original franchise or over the term of that franchise as extended. In our opinion we stated:
It is generally recognized tbat a franchise is the subject of contract between the state and the grantee and a contract thus created has the same status as any other contract recognized by the law. (Cf. Blair v. Chicago, 201 U. S. 400.) In *965 so far as the grantee is concerned, it has a right not unlike that which a lessee under a lease contract acquires. Petitioner contends that such an analogy exists and that the method of determining the amount of the amortization under its franchise and the various extensions or renewals, should be the same as that frequently approved by the courts and by this Board in cases involving leases. A typical illustration of this method is found in William Penn Hotel Co., 23 B. T. A. 566, a decision in which the Commissioner acquiesced. Therein the taxpayer acquired a lease in 1920 for $50,000. It was due to run for a period of 10 years, but in 1923, by the payment of an additional $1,000, the taxpayer secured a 10-year extension, viz., until 1940. This Board held that petitioner was entitled to a deduction as amortization during the fiscal year ending June 30, 1924, of one-seventeenth of the unexhausted cost of the lease as extended. To the same effect see also Harris-Emery Co., 10 B. T. A. 297; Pig & Whistle Co., 9 B. T. A. 668; E. M. Diebold, 19 B. T. A. 438; Bonwit Teller & Co., 53 Fed. (2d) 381; certiorari denied, 286 U. S. 690. * * *
Upon the authority of the cases referred to above, and cases cited therein, the Board is of the opinion that the unamortized value of the Bothwell and Weitz leases should be spread over the period ending March 31,1953, as contended by the respondent.
The only remaining question for decision is whether the cost of improvements of $91,784.12, as shown by the petitioner’s books of account on February 1,1928, should be spread over the period ending March 31, 1940, or over the period ending March 31, 1953. The respondent has determined depreciation allowances upon the basis that the spread should be over the longer period. The stipulated facts do not show that such improvements will be exhausted prior to March 31, 1953, except so far as they relate to improvements upon the Frankel tract. The Frankel lease will expire on March 31, 1940. All of the improvements relate to the store building extending 132 feet on Walnut Street. It is stipulated that no allocation of these improvements to the different tracts can be made except upon an arbitrary basis. Since one-third of the store building is upon the Frankel tract, we are of the opinion that a fair allocation of the improvements to the Frankel tract is one-third of the total. We are, therefore, of the opinion that one-third of the undepreciated cost of the improvements should be spread over the period ending March 31, 1940. The balance of the undepreciated cost of improvements should be allocated to the Bothwell and Weitz tracts and spread over the period February 1, 1928, to March 31, 1953.
Reviewed by the Board.

Judgment will l>e entered v/nder Rule 50.